The next case on this afternoon's docket is the People v. State of Illinois v. Dwight Long with Jennifer Lassie for the appellant and Tess Schwartz for the de-athlete. You may proceed. May it please the Court, I'm Jennifer Lassie with the Office of the State Appellate Defender and I represent the defendant appellant, Mr. Dwight Long. The issue here is whether the case must be remanded for a Krankel inquiry. The facts of this case are clear and the law is straightforward and well-settled. Mr. Long filed a post-trial motion alleging ineffective assistance of trial counsel. When a defendant makes such a claim, the law as set forth in Krankel and Moore requires that the court conduct some sort of preliminary inquiry into his claims. Here, the trial court conducted no inquiry into Mr. Long's claims whatsoever. Therefore, it must be remanded for a Krankel inquiry. The State claims that Mr. Long failed to bring his claims to the trial court's attention and suggests that the court was unaware of his claims. However, a review of the record shows that this is incorrect. Mr. Long filed a combination of five post-trial and post-sentencing motions complaining about his counsel. The first post-trial motion was entitled Motion for Appointment of Counsel Other than Trial Counsel Due to Ineffective Assistance. And in that motion, he complained that trial counsel failed to prepare him for trial and did not go over discovery with him, among other things. Next, he filed a motion for trial transcripts. And in the body of that motion, he noted that he needed the transcripts to assist him in preparing his ineffective assistance claims. At sentencing, when trial counsel failed to mention his ineffective assistance complaints, the court pointed out to counsel that her client wanted to look at the transcripts. Trial counsel told the court that she had spoken with Mr. Long and that his claims were mostly sufficiency of the evidence claims and that no further discussion with him was necessary. So the court definitely was aware of his claims. After sentencing, Mr. Long went on to file three more post-sentencing motions complaining about ineffective assistance of counsel. The State's reliance on People v. Jocko is misguided. Jocko concerns a letter sent prior to trial, sent to the circuit clerk, complaining about counsel. And the defendant in that case noted that he wanted one of his letters included with the record in case he wanted to argue on appeal. Here, Mr. Long filed five motions complaining about counsel. To the extent the State argues in its answer brief that Mr. Long waived his claims by not speaking up at the trial court, the Illinois Supreme Court rejected this exact claim in People v. Moore. In that case, the court held that all a defendant must do is bring his claims to the attention of the trial court, and surely Mr. Long's five motions was sufficient to do that. So unless you have any questions, we would ask that this Court remain for a preliminary inquiry into his claims. Thank you, Ms. Lassie. I'll let the opportunity to move back. Ms. Schwartz. Good afternoon, Your Honor. Good afternoon. May it please the Court, Counsel, my name is Lisa Schwartz, and I represent the State in this matter. The defendant is requesting this Court to remain his case to the trial court to conduct a cranial inquiry, as the defense counsel stated on her opening argument. The State argues that because the defendant never presented his motion to the Court or made any party aware, nor did he notice up the Court, this Court should not remain his case for a cranial inquiry. The defendant recites many pieces of the State's answer in her reply brief, however, none of which further her own arguments. As the defense counsel stated, he filed numerous pro se motions with the circuit court clerk, most of which were complaining and making some sort of allegations of ineffective assistance of counsel. However, the State notes that nowhere in the record does it make any notion or have any sort of evidence or indication that the trial court, defense counsel, the State, anyone had any notice of any of these motions other than the motion to review trial transcripts. The State further notes that throughout the entire record, if this Court, which I'm sure you've reviewed the record, you see at the end of each hearing, this particular judge notes and makes sure to ask the defendant if he has any concerns, any questions, anything he would like to bring to the attention of the Court. The defendant, in her reply brief, seems puzzled why the State would note this. The State notes this because it's clear from the record that this particular judge was very concerned with making sure that the defendant understood all of the proceedings and was heard on every issue that he had. This case resembles the case of People v. Giacco from the Illinois Supreme Court. The defendant attacks the State's reference to this case, but this case is just as similar to the case at hand as People v. Morris. The holding that the Supreme Court came to in People v. Giacco is still applicable to the case at hand. In People v. Giacco, he filed a motion to dismiss for due process concerns, and within he made slight allegations for ineffective assistance to counsel and later filed a letter with the clerk to be put in his master legal file making more in-depth ineffective assistance of counsel claims. In this case, the defendant filed his motion for new counsel and then subsequently filed other pro se motions making allegations. In People v. Giacco, the Court held, quote, It appears from the record that the Circuit Court, Defendant's Counsel, and the State were all unaware of these documents as no mention was made of them at any point in the proceedings by the defendant or anyone else. We cannot criticize the Circuit Court for failing to take action of defendant's concerns when there is no indication that the Court was ever made aware of the defendant's motions. It was the defendant's motion that he brought to the Court and he filed with the clerk. It is also the defendant's responsibility to make sure that the trial court is aware of his motion. The Court and Giacco do not predicate their ruling on the fact that the defendant filed a letter with the Circuit Court clerk in addition to his motion as the defendant argues in her brief. The Court ruled the way it did because for the primary reason that regardless of what type of filing the defendant made with the Court, no one was made aware of the defendant's filings and no one was aware that the defendant had issues with his counsel. The defendant claims that the trial court should have inferred and known that the defendant had filed an ineffective assistance of counsel motion because of his motion to review trial transcripts. The trial court granted the defendant's motion to review trial transcripts and went above and beyond, in fact, to make sure that the defendant was able to review the record in privacy and take notes on any issues. The defendant states in her reply when she quotes the trial court, defendant was concerned that there may be some errors that he wanted to make sure were caught for purpose of appeal and I promised him that I would make sure he was provided the transcript and some time to review the transcript. The state argues to this court that no part of that decision or opinion of the trial court gives any reference or any indication that she was aware that he had filed an ineffective assistance of counsel claim. They were under the impression that he was wanting to review the record for any possible errors in case of an appeal. The court made sure that the defendant was able to review that record and find any errors and note them if he would decide to file that appeal. People be warned, people be crankled. Specifically required the defendant present his ineffective assistance of counsel motion to the court and the defendant failed to do so here. More is distinguished from the case at hand because the defendant in that case presented his motion to the court and the court actively denied that defendant's motion because they believe that it would be more settled and better for the appellate court to review his motion. The defendant also claims that the case at hand is similar for that exact reason. However, the state argues that the record is completely silent that the trial court ever believed that his ineffective assistance of counsel claim would be better settled by the appellate court, let alone even being aware of the ineffective assistance of counsel claim. The defendant asked the state in her reply brief what more the defendant was to do to bring his motion to the attention of the trial court. The defendant could have presented the motion in the court like people be warned. They could have asked the judge about his motion for ineffective assistance of counsel. He could have checked with the circuit court clerk that he filed. He could have served notice on the court that he had filed his motion and was going to have a hearing on it. He could have addressed his concerns of the motion when he was addressed by the trial court after the three hearings that were held on other motions filed by his counsel after he filed his initial motion. Crankle was assigned as a shield and not as a sword as the defendant is attempting to use it as here. What this would allow to do would be to permit a pro se defendant to file any claim specifically in an ineffective assistance of counsel claim, not provide notice to the trial court, defense counsel, the state, provide no notice to anyone, wait until he receives his sentence, and once he receives his sentence, if he has an issue with the sentence or it's more than he was anticipating, go back and be able to claim that because the trial court never gave a hearing on his motion or addressed his motion that now he wants to appeal it. And further, after the judge gave the defendant time to review the trial court motions, the defendant states that the court should have been aware that because he wanted to review those transcripts that he had filed an ineffective assistance of counsel claim. The state argues the exact opposite actually. The trial court gave the defendant time and the resources to review the trial transcripts because he was concerned with the possibility of error in the case of an appeal. The trial court very well may have assumed that after reviewing those trial transcripts, he found no reason for an appeal and found no error and therefore didn't file an ineffective assistance of counsel motion. If the defendant really believed that his motion had merit and that he wanted to be heard in the court, he would have spoken out about his motion like he had numerous other times when the trial court asked if he had any concerns or any questions. The defendant never showed any sign of being wary to speak to the trial court and ask questions. The solution was not to keep filing motions. The solution was to bring his current motions that he was concerned about to the trial court's attention. There are two reasons the state believes why the defendant is required to present his motion to the court. One, finding the defendant's claims to be true would turn Illinois jurisprudence on its head in requiring the circuit court clerks to go through every defendant's file and to notice the judge and the trial court of every single filing the defendant makes in their record. That's not the clerk's obligation. That's not their job. The second reason the state believes that it's required for the defendant to present his motion is that defense counsel, as it's well known, represents the defense on every single aspect of the defense case except for ineffective assistance of counsel motions. And people be frank when people be more. The defendants at least made the defense counsel aware that they had filed a motion for ineffective assistance of counsel. There's nothing in the record here that even shows that the defense counsel knew that he had filed an ineffective assistance of counsel. And the defense still has an opportunity to seek relief he's requesting in a post-conviction petition. He can call counsel and stand to testify and question him about the allegations of ineffective assistance of counsel. And for these reasons, the state would ask this court not to remand the defendant's case down for crankle inquiry. There are no other questions? I don't believe so. Thank you. Thank you. Ms. Lansing? Yes, Your Honor. There's a few problems with the state's argument. The court never specifically followed up with Mr. Long on his ineffective assistance claims. So where the state argues that Mr. Long was given ample opportunity to present these claims to the court, that's just not the case. The court followed up with trial counsel, and that's entirely different than following up with Mr. Long personally. Furthermore, attorneys bring matters to the attention of the court by filing motions. It's unclear why a pro se defendant filing a motion is not sufficient to bring something to the trial court's attention. Again, Peeble v. Jocko is distinct because the court there found that the filing of pretrial motions alleging ineffective assistance of counsel could not necessarily be decided because the trial had not yet occurred in that case. And additionally, that was a letter sent to the circuit clerk, and the letter itself indicated that the defendant, Jocko, might want to raise ineffective assistance claims on appeal. This case is entirely distinct from Jocko, where this was a case involving post-trial ineffective assistance claims of counsel. And this case is synonymous with Moore. In Moore, the defendant filed a motion entitled, Motion for Appointment of Counsel Other than the Public Defender. And he alleged ineffective assistance claims in that motion. Here, Mr. Long filed a motion entitled, Motion for Appointment of Counsel Other than Trial Counsel Due to Ineffective Assistance. This was the title of the motion. And in that motion, he alleged ineffective assistance claims. In Moore, the trial court operated under the misapprehension that Mr. Moore wanted to raise his claims on appeal or that ineffective assistance claims would be dealt with on appeal. And it seems that the trial court in Mr. Long's case may have operated under the same misapprehension of the law. Because it is the trial court that indicates that Mr. Long wants to look at these transcripts for purposes of appeal, Mr. Long never indicated this. His motions were clear that he wanted new counsel because his counsel was ineffective. And to the extent that the state is arguing that he failed to present his claims or that he could have called trial counsel to the stand, the defendant is not given the opportunity to call witnesses he wants in the moment he wants to. And the proper method is to file a motion with the court, which is what he did. Unless you have any questions, we would respectfully request that you remain silent. Thank you. Thank you, Ms. Lassie. Thank you. Both Ms. Schwartz for your briefs and arguments. We'll take the matter under advisement. This court stands in recess. Thank you. All rise.